UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDER LEATHAM,<br>Plaintiff,<br>v.<br>SOLANO COUNTY, et al.,<br>Defendants. | No. 2:24-cv-2150 DC SCR P<br><br>ORDER |

Plaintiff is a pretrial criminal detainee proceeding pro se with this civil rights complaint pursuant to 42 U.S.C. § 1983. Defendants Solano County, Hagen, Bettencourt, and Woodward have answered the complaint. The U.S. Marshal Service executed service on Defendant Wellpath on July 14, 2026, ECF No. 21, and the time for Wellpath to answer the complaint has expired.[1] Fed. R. Civ. P. 12(a).

Should Plaintiff wish to seek default judgment against Wellpath, Plaintiff must first request that the Clerk of the Court enter default pursuant to Federal Rule of Civil Procedure 55(a). See Cicalla v. Rogers, 2022 WL 17343823, at *1 (E.D. Cal. Nov. 30, 2022) ("A party seeking default judgment must first request entry of default from the Clerk's Office under Fed. R. Civ. P.

[1] Service of the Court's subsequent tax cost order on Wellpath was returned with a notice that "Cogency Global does not serve or no longer serves as the agent for service of process" for Wellpath. ECF No. 26. However, neither Cogency nor Wellpath have disputed that the U.S. Marshal properly effected service of the complaint on Wellpath.

55(a). … A default entry is not a judgment, but it is a necessary precondition for judgment.”).

Moreover, federal courts generally lack authority to sua sponte enter default in the circumstances of this action. See Fed. R. Civ. P. 55(b)(2) (“[T]he party must apply to the court for a default judgment”); Ringgold Corp. v. Worrall, 880 F.2d 1138, 1141 (9th Cir. 1989) (noting party’s failure to satisfy Rule 55(b)’s notice requirement is “a serious procedural error that usually justifies reversal on appeal or setting aside of a default”). Should the Clerk enter default, Plaintiff could then file an application for default judgment against Defendant Wellpath pursuant to Fed. R. Civ. P. 55(b)(2).

Accordingly, IT IS HEREBY ORDERED that:

1. Should Plaintiff wish to pursue default judgment against Defendant Wellpath, Plaintiff shall request that the Clerk of the Court enter default against Defendant Wellpath.

2. Should Plaintiff wish to pursue default judgment against Defendant Wellpath, Plaintiff shall file an application for default judgment against Defendant Wellpath pursuant to Fed. R. Civ. P. 55(b)(2) within ninety (90) days of this order.

3. Plaintiff is advised that failure to comply with this order will result in the recommendation that Defendant Wellpath be dismissed from this action without prejudice for failure to prosecute, Fed. R. Civ. P. 41(b), and failure to comply with a court order, Local Rule 110.

DATED: October 5, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE